## Riemensberger's Estate.

*Decedents' estates—Claim for services—Evidence.*

A claim against a decedent's estate for services rendered on a farm will not be sustained, where the claimant does not show any contract, nor what the services were, nor when, where or under what circumstances they were rendered. In such a case declarations by the decedent to third parties that the claimant had worked for him and that he owed him money, but without stating how much he owed, is insufficient to support the claim.

Argued Nov. 22, 1905. Appeal, No. 193, Oct. T., 1905, by John Stolz and Catharine Stolz, from decree of O. C. Bucks Co., Sept. T., 1905, sustaining exceptions to auditor's report in Estate of Jacob Riemensberger, deceased. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of Jerome Fackenthall, Esq., auditor.

STOUT, P. J., filed the following opinion:

John Stolz and Catharine Stolz, the claimants, are husband and wife. Catherine Stolz is a sister of the deceased, and her husband, John Stolz, is the administrator of his estate.

In filing his administrator's account, John Stolz took credit for three payments to himself and his wife for board, nursing and services, itemized as follows:

| | |
|---|---|
| John Stolz, services five years    .    .    . | $500 00 |
| John Stolz, board and nursing one year .    . | 300 00 |
| Catharine Stolz, services six years    .    . | 600 00 |

These items, together with others, were excepted to, the account was referred to an auditor, who dismissed the exceptions. The exceptions before the court are to the report of the auditor and go to the three items above named.

The decedent was a single man and lived on his farm in Bedminster. He kept a housekeeper. At times he had been sick and John Stolz and his wife took care of him when sick. The last time he was taken sick his housekeeper left him. Just when he was taken sick does not clearly appear, but it was some time prior to November preceding his death. During his sickness on the farm he was nursed and taken care of by Stolz and his wife. In November preceding his death he sold his farm and was removed to the home of Stolz, where he was boarded, nursed and taken care of until he died, February 7, 1903. That Stolz and his wife rendered substantial services during this last illness appears from the testimony of the witnesses. Aaron Kratz, an officer of the Easton Trolley Company, testified that Stolz was employed at the power house of the company; that he was away from his work a great deal; that they needed him; that for that reason he called on the decedent at his home in Bedminster; that he found him sick in bed and did not expect him to go out again; that he told the decedent that John (Stolz) was neglecting his work, that the decedent then said, " John and his wife must take care of me and they shall be well paid for it." That he repeated this to the superintendent of the company and they let him off. Some time after this the decedent was removed to the home of John Stolz, where he died. No board, nursing or care was furnished the decedent during his last illness by any other person. In view of the fact that John Stolz gave up his work with the trolley company and devoted himself to the care of the decedent, the claim of $300 for himself and his wife for boarding and nursing during the period named, seems to be reasonable in amount and is allowed, and the exception thereto is hereby dismissed.

Catharine Stolz presented no claim based on services to decedent during his last illness, and the court assumes that the claim made by her husband included the services rendered by her.

The other two items excepted to stand upon an entirely dif-

ferent basis. They do not seem to relate to boarding or nursing during the last illness or any other time, but rather to services rendered to the decedent while he lived on the farm in Tinicum. John Stolz does not claim his services were rendered under a contract. He admits he has no written contract for the services of his wife, but claims there was a verbal contract as to them. No testimony, however, is offered to prove the contract or its terms. Therefore, in each case, it rests upon the claimant to prove the services for which he seeks to recover. In this they make no attempt. They do not show what the services were, when, where or under what circumstances they were rendered. There is nothing whatever before the court to support the claims. It is true that declarations were made by the decedent in his lifetime to disinterested third parties that they had worked for him ; that he owed them a lot of money and that they never had a settlement, and that when asked by one witness whether it was as much as $800, he said, " Yes, more ; " that they should be paid for all they did for him ; that any balance after these payments should go to Mrs. Stolz, as she was the only person he could depend on. But he did not state how much he owed them or either of them.

Claims for personal services which might have been presented to the debtor during his lifetime are the subjects of suspicion when presented after his death, and must be proved by clear and explicit testimony : Miller's Estate, 159 Pa. 575.

Claims for services against a decedent's estate must be established by evidence other than that of mere loose declarations, and must be such as to clearly and distinctly establish a contract, whether express or implied, between the claimant and the decedent: Estate of Rachel Weaver, 182 Pa. 349.

In many respects the facts in this case are like the facts in the Estate of Mahlon Miller, deceased, 136 Pa. 239, where Mr. Justice GREEN, delivering the opinion of the court, says : " The other great overshadowing obstacle in the way of recovery, is the utter absence of the proof of the services."

From the testimony of John L. Kulp and Jacob S. Snyder, it is evident that when the decedent spoke to them of his indebtedness to Stolz and his wife, he referred to the indebtedness for services rendered him on the Tinicum farm. Mr.

Kulp says, " He said he did not know how much he owed them, but that they had worked for him on his farm in Tinicum for five or six years. He sold this farm eight years ago and bought a place in Bedminster." Again, " From what Riemensberger said, I considered that he owed them $800, and $600 for working on the farm. From what he told me, I do not think the charges in the settlement would compensate them for all they did for him." If this were so, and the claims were fully made out, they would be barred by the statute of limitations.

An acknowledgment of a debt to take it out of the statute of limitations must be made to the creditor or to his agent: McKinney v. Snyder, 78 Pa. 497.

A promise made to a stranger who has no interest in the transaction does not bind the promising party: Spangler v. Spangler, 122 Pa. 358.

Now, June 15, 1905, the exceptions to item of credit to John Stolz " for boarding and nursing, $300," is dismissed, and the exceptions as to the items of " John Stolz, services five years, $500," and of " Catharine Stolz, services six years, $600," are hereby sustained. The auditor is directed to restate the account in accordance with this opinion and distribute the balance shown by the restated account to the persons entitled thereto.

*Errors assigned* were in sustaining exceptions to auditor's report.

*Samuel Z. Freed*, for appellants, cited : Lillich's Estate, 9 Pa. C. C. Rep. 25 ; Russell's Estate, 7 Phila. 64 ; Gordner's Admrs. v. Heffley, 49 Pa. 163 ; Smith v. Milligan, 43 Pa. 107 ; Schoch v. Garrett, 69 Pa. 144 ; Kauss v. Rohner, 172 Pa. 481.

*George Ross*, of *Yerkes, Ross & Ross*, with him *Henry C. Whitlock*, for appellees, cited : Carpenter v. Hays, 153 Pa. 432 ; Mueller's Estate, 159 Pa. 590 ; Weaver's Estate, 182 Pa. 349 ; Grossman v. Thunder, 212 Pa. 274 ; Miller's Estate, 136 Pa. 239 ; Piersol's Estate, 27 Pa. Superior Ct. 204 ; McKinney v. Snyder, 78 Pa. 497 ; Spangler v. Spangler, 122 Pa. 358.

PER CURIAM, December 10, 1905:

In his account as administrator John Stolz took credit for three payments to himself and his wife Catharine as follows: John Stolz, services five years, $500 ; John Stolz, board and nursing, $300 ; Catharine Stolz, services six years, $600. In an opinion filed upon exceptions to the report of the auditor appointed to pass upon exceptions to the account, to restate the account if necessary, and to make distribution of the balance remaining in the hands of the administrator, the court dismissed the exceptions to the second item above mentioned for board and nursing, sustained the exceptions to the other two items, and referred the matter back to the auditor with directions to restate the account in accordance with the opinion, and to make distribution of the balance. These directions of the court having been carried into effect, John Stolz and Catharine Stolz joined in this appeal, and have assigned for error the sustaining of the exceptions last referred to. As the result of this action of the court was to increase the sum awarded to Katharine Stolz in the final distribution, it is not apparent that joining her in the appeal was either necessary or proper. Inasmuch, however, as the appeal of John Stolz brings up the whole question as to both of these items of credit for payments alleged to have been made by him, we have deemed it unnecessary to consider the effect of joining Catharine Stolz in the appeal. Notwithstanding this objection, which was adverted to upon the argument of the case, we have considered fully the evidence in support of these two items, and concur entirely with the learned judge of the orphans' court in his conclusion that they should not be allowed. The opinion filed by him covers the whole ground satisfactorily, and no good purpose would be served by our extending the discussion by what would be in effect but a mere repetition of the reasons which led him to the conclusion he reached.

The decree is affirmed and appeal dismissed at the cost of the appellants.